GRAHAM *v.* THE STATE.

No. 9526. JULY 13, 1933.

*J. W. Usher* and *Clarence T. Guyton,* for plaintiff in error.

*M. J. Yeomans, attorney-general, W. G. Neville, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.

HILL, J. Frank Graham was indicted, tried and convicted of murder in 1932, and was sentenced to life imprisonment in the penitentiary. He filed a motion for new trial, which was overruled, and that judgment was affirmed. 176 *Ga.* 11 (166 S. E. 662). On December 9, 1932, the defendant presented an extraordinary motion for new trial, based on the alleged relationship within the prohibited degree of one of the jurors, trying the defendant, with the deceased, it appearing that the juror was related within the same degree to both the deceased and the defendant. The motion was overruled, and the movant excepted.

It appears from the record that the extraordinary motion for a new trial was presented to the judge in vacation, on December 9, 1932. The hearing was had on December 31, 1932, and on that date the motion was overruled. The bill of exceptions to this judgment was tendered and certified on January 18, 1933, and was filed in the clerk's office on February 1, 1933; all of these dates being in vacation. There are two terms of Effingham superior court, to wit, on the third Mondays in April and October. The defendant was tried at the October term, 1932, of Effingham superior court, which convened on the third Monday in October. A certificate of the clerk appears in the record, in which he certifies "that the minutes of said court show that the October term, 1932, of said court was adjourned on the 21st day of October, and that no term of said court has been held since that time, and that the next term of said court will convene on the third Monday in April, 1933." Thus it appears that the entire proceedings with reference to the extraordinary motion for new trial were had in vacation.

An ordinary motion for new trial must be made during the term at which the trial was had; an extraordinary motion may be made during a subsequent term. It is not competent for a judge of the superior court, sitting at chambers, to entertain an original motion for new trial, where no prior order has been passed providing therefor during the term; and such a motion, if not filed in term time, is in law a mere nullity, as the court is without juris-

diction to hear the same. In *Perkins* v. *State,* 126 *Ga.* 578 (55 S. E. 501), it was held: "There is no law authorizing the making of a motion for a new trial in vacation; an extraordinary motion so filed is a mere nullity; and it is erroneous for a judge of the superior court to take jurisdiction of such a motion; and when he does so, and undertakes to decide it upon its merits, the judgment will be reversed. . . Judgment is accordingly reversed, and direction is given that the motion itself and the action of the judge thereon be hereafter, in the superior court of Effingham County, ignored and treated as a mere nullity." In *Bradford* v. *State,* 152 *Ga.* 203 (108 S. E. 780), this court held: "Under the practice in this State, every motion for a new trial, whether ordinary or extraordinary, must be made during term. An ordinary motion must be made during the term at which the trial was had; and an extraordinary one may be made during a subsequent term. In this case an extraordinary motion for a new trial was made and filed in vacation; the judge heard it on its merits in vacation, and overruled it in vacation. The entire proceeding was nugatory. The judge erred in entertaining jurisdiction of the motion and deciding it upon its merits. According to previous rulings of this court his judgment must be reversed, with direction that the motion be dismissed." The judgment of the lower court refusing the extraordinary motion for new trial will therefore be reversed, with direction that the motion be dismissed.

*Judgment reversed, with direction. All the Justices concur.*